

399 KNOLLWOOD ROAD, SUITE 220
**WHITE PLAINS, NEW YORK 10603**
Tel: 914.997.0555
Fax: 914.997.0550

December 17, 2024

***Via ECF***

Hon. Kenneth M. Karas
United States District Judge
United States District Court for the
Southern District of New York
300 Quarropas Street
White Plains, NY  10601

**Re**:    Leonard Mack v. Westchester County, Town of Greenburgh, Investigator Carol Kope, in her individual capacity; Lieutenant John Schachinger, in his individual capacity; Roger Stillman, as Administrator of the Estate of Marie Felgenhauer, Judy Messina, as Administrator of the Estate of Lieutenant Raphael Garofano, James Flemming, III, as Administrator of the Estate of Officer James Fleming, Jack Roe 1, as Administrator of the Estate of Detective Robert Willard, and Jack Roe 2, as Administrator of the Estate of Detective Gerrard Holley
       Docket No. 24-CV-8990 (KMK)

Dear Judge Karas:

The Quinn Law Firm, PLLC, has filed an appearance on behalf of the County of Westchester in the referenced action, and will be representing the County in this case.  We are writing to request that this action be designated for participation in the Court's Section 1983 Plan.  Plaintiff's attorneys do not consent in this application.

Background

On March 29, 1976, plaintiff Leaonard Mack ("Plaintiff" or "Mr. Mack") was convicted of kidnapping two teenage girls at gunpoint and raping one of them.  He was exonerated on grounds of actual innocence in early 2023 based on DNA evidence from a biological sample that had been preserved from the original investigation.  This evidence pointed to another man as the perpetrator of the crime, who when confronted with the new DNA evidence admitted to committing the crime alone.  Mr. Mack filed a notice of claim against the County of Westchester and the Town of Greenburg on December 1, 2023, and commenced the above-referenced civil action on November 25, 2024.

Hon. Kenneth M. Karas
December 17, 2024
Page 2

The defendants in the civil action are (i) the County of Westchester; (ii) Carole Kope, who was an investigator with the Westchester County Police; (iii) Roger Stillman, who is the Administrator of the Estate of Dr. Marie Felgenhauer, who was a scientist for the Westchester County Department of Labs and Research; (iv) James Flemming, III, the Administrator of the Estate of James Flemming, who was a Police Officer with the County Police; (v) the Town of Greenburg; (vi) John Schachinger, a Police Officer for the Greenburgh Police Department; and (vii) Judy Messina, who is the Administrator of the State of Raphael Garafano, a Police Officer for the Greenburgh Police Department.

As against the County of Westchester and the individual County defendants, Mr. Mack raises two basic claims. First, he claims that certain identification evidence was "fabricated" because County police officers designed and conducted improperly suggestive procedures in which it was suggested to the teenage victims of the crime that Mr. Mack was the perpetrator. In fact, all but one of the allegedly improper identification procedures were suppressed at the pre-trial suppression hearing. This fabrication of evidence claim is also cast as a claim based on *Brady* violations. Mr. Mack's second claim is based on rebuttal testimony offered at his criminal trial by Dr. Marie Felgenhauer. Dr. Felgenhauer testified based on blood serology results that Mr. Mack could have been the source of semen collected from a stain on the victim's underwear, even though specific characteristics of Mr. Mack's blood type did not match that of the sample. Mr. Mack alleges in his complaint that Dr. Felgenhauer misled the prosecutors about this testimony and then testified at odds with universally recognized scientific principles.

The complaint sets forth three federal claims and four-state law claims. The federal claims, brought pursuant to 42 U.S.C. §1983, are (i) denial of the right to fair trial; (ii) malicious prosecution; and (iii) civil rights conspiracy. The state-law claims are (iv) malicious prosecution; (v) intentional/negligent infliction of emotional distress; (vi) a respondeat superior claim against the County; and (vii) a respondeat superior claim against the Town of Greenburgh.

Argument

The Plan for Certain §1983 Cases Against Police Departments in Westchester, Rockland, Putnam, Orange, Dutchess or Sullivan Counties (the "Section 1983 Plan") applies mandatorily to cases filed in the White Plains Division of the United States District Court when a "represented plaintiff allege[s] . . . .malicious prosecution by police employees . . . in violation of 42 U.S.C. §1983." Here, the Section 1983 should apply because (i) Plaintiff filed his case in the White Plains Division of the S.D.N.Y. and is represented by counsel; (ii) Plaintiff's complaint alleges malicious prosecution by police employees; and (iii) claims for relief are asserted under 42 U.S.C. § 1983. Indeed, on February 16, 2024, a wrongful conviction case assigned to Your Honor that alleges federal claims for malicious prosecution against police officers was designated as a Section 1983 Plan case. *See Redding v. City of New Rochelle, et al.,* 24-CV-1007 (KMK).

In Mr. Mack's case, our understanding is that the action was not designated as a Section 1983 Plan case because one of the named defendants, Dr. Marie Felgenhauer, was not a police officer. Dr. Felgenhauer, now deceased, was an employee of the Westchester County

Hon. Kenneth M. Karas
December 17, 2024
Page 3

Department of Labs. She testified on behalf of the prosecution as to the results of blood type testing. As noted above, Plaintiff alleges that Dr. Felgenhauer misled prosecutors and testified at odds with recognized scientific principles, and that this led to his wrongful conviction. Accordingly, although Dr. Felgenhauer was not a police officer, her role was inextricably tied to the law enforcement investigation and prosecution that form the basis of this action. The Section 1983 Plan should therefore apply.

In addition, given the nature of this case, early efforts to reach a settlement may well be worthwhile. The mediation provisions of the Section 1983 Plan would be of assistance in attempting to reach an early resolution of the claims against the County and the County defendants.

We originally submitted this request to the Court's mediation office, which responded that we should submit the request directly to the assigned judge. As noted, we inquired as to Plaintiff's position prior to submitting this application; Plaintiff does not consent.

Thank you very much for the Court's consideration,

Respectfully submitted,

THE QUINN LAW FIRM PLLC
Attorneys for Defendants

Lalit K. Loomba

399 Knollwood Road, Suite 220
White Plains, NY  10603
(914) 997-0555
lloomba077@quinnlawny.com

cc:  All counsel of record via ECF