

NEUFELD
SCHECK
BRUSTIN
HOFFMANN &
FREUDENBERGER, LLP

January 31, 2025

*__Via ECF__*
Hon. Kenneth M. Karas
United States District Judge
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

      **RE:    24-cv-08990 (KMK),** *Leonard Mack v. Westchester County, et al.*

Dear Judge Karas:

      It is indisputable that Plaintiff Leonard Mack is innocent of the 1975 crimes for which he was wrongfully convicted and imprisoned: the kidnapping of two teenaged girls and the sexual assault of one of them. Mr. Mack was exonerated in 2023, after DNA testing on the victim's underwear identified the true perpetrator, serial sexual assailant Robert Goods, who then confessed to Greenburgh Police to committing the crime alone. Both the Westchester County District Attorney and the court presiding over his exoneration recognized that Mr. Mack is actually innocent and had lived for over 47 years with the stigma of this wrongful conviction.

      Mr. Mack now brings this § 1983 action against the parties that caused that wrongful prosecution and conviction: Westchester County and three of its employees (or their representatives), as well as the Town of Greenburgh (the "Town") and four of its employees (or their representatives): Lieutenant John Schachinger; Judy Messina as the Administrator of the Estate of Lieutenant Raphael Garofano; the unidentified Administrator of the Estate of Detective Robert Willard; and the unidentified Administrator of the Estate of Detective Gerrard Holley. The pre-motion letter is brought solely on behalf of one of those Defendants: the Town. D.E. 42.

      The Town's proposed motion has no basis. The pleading standard sets a low bar: accepting the factual assertions as true and drawing all reasonable inferences in Plaintiff's favor, the Complaint must only "state a claim to relief that is plausible on its face." *Schiebel v. Schoharie Cent. Sch. Dist.*, 120 F.4th 1082, 1092 (2d Cir. 2024); *see also Bensch v. Est. of Umar,* 2 F.4th 70, 80 (2d Cir. 2021) (holding complaint need not "plead every factual detail" or "rule out every possible defense"). Plaintiff more than meets that test.

      Mr. Mack did not look like true assailant Robert Goods, and he was not wearing clothing that looked at all like what Goods had worn during the attack (which the victims initially

accurately described to Garofano and Holley). *See* D.E. 1 at ¶¶ 44–49, 60. It was only due to a series of improperly suggestive identification procedures conducted by investigating Town and Westchester County officers that victims W.J. and S.F. ever wrongly identified Mr. Mack as their assailant. *Id.* at ¶¶ 44–71. Plaintiff specifically alleges that Willard took W.J. to the suggestive roadside identification and, when she initially did not identify Mr. Mack, he used improper suggestion, including representing to W.J. that the circumstances of his stop and his possession of a gun demonstrated Mr. Mack's guilt—improper suggestion, which Schachinger, who was present, observed. *Id.* at ¶¶ 56–60. Garofano, Holley, and Willard also participated in further improperly suggestive identification procedures later that night, including a second show up procedure in which Mr. Mack was the only suspect and the only Black person in the room, which Defendants further manipulated by having him don distinctive clothing the victims had seen him with at the earlier identification procedures. *Id.* at ¶¶ 68, 71. And Garofano, Holley and Willard all falsely represented the circumstances of the identification procedures to bolster the reported identifications, and hid suggestion used to obtain them. *Id.* at ¶¶ 59, 63, 65, 68, 71, 86, 89.

The misidentifications induced by Defendants' suggestion—bolstered by Defendants' misrepresentations about the circumstances under which they were obtained and how the victims had initially described the perpetrator—formed the basis for the prosecution and conviction. *Id.* at ¶¶ 74, 86, 89, 92. The case remained exceptionally weak: Mr. Mack truthfully asserted his innocence and that he had an alibi from the first moment Defendants (including Schachinger, Holley, and Garofano) questioned him. *Id.* at ¶¶ 38, 51–54, 73, 90. And Mr. Mack was conclusively excluded by conventional serology as the rapist pre-trial (although Felgenhauer fabricated evidence falsely suggesting he *could* still be included). *Id.* at ¶¶ 75–84, 91. These facts easily make out malicious prosecution claims against Town officers, for which the Town is liable under *respondeat superior*. *See, e.g., Ambrose v. City of New York*, 623 F. Supp. 2d 454, 476–77 (S.D.N.Y. 2009) (holding similar allegations make out malicious prosecution claim); *Tardif v. City of New York*, 344 F. Supp. 3d 579, 591–92 (S.D.N.Y. 2018) (describing requirements for *respondeat superior* liability).

The Town incorrectly asserts the malicious prosecution claims are barred by the presumption of probable cause created by the indictment. D.E. 42 at 2–3. But that presumption can be rebutted in multiple ways, including through evidence officers "have not made a complete and full statement of facts either to the Grand Jury or to the District Attorney, that they have misrepresented or falsified evidence, that they have withheld evidence or otherwise acted in bad faith," *Ambrose*, 623 F. Supp. 2d at 477. Plaintiff's allegations that Defendants used improper suggestion to obtain the only evidence implicating Mr. Mack, lied to the prosecutor about how this evidence was obtained and hid the suggestion used to obtain it are sufficient to rebut the presumption at this stage. *See id.* at 476. The cases the Town cites are inapposite, addressing the evidence necessary to meet a plaintiff's burden on summary judgment or at trial, not the allegations required to survive a motion to dismiss.

Plaintiff's intentional, reckless, or negligent infliction of emotional distress claim is likewise sufficiently pled. Indeed, the arguments the Town raises—that the claim is time barred, or that it should be dismissed as duplicative of the malicious prosecution claim—were expressly rejected by the Second Circuit in *Rentas v. Ruffin*, 816 F.3d 214, 226 (2d Cir. 2016) (holding that the intentional infliction of emotional distress claim was not necessarily duplicative of malicious prosecution claim, and that the claim caused continuing injury and as such only accrued when the criminal charges were dismissed). Certainly, there is no basis to dismiss the claims at this stage.

The question of service to individual Town officers is irrelevant to the Town's liability, as the Town could be held liable under *respondeat superior* for its employees' misconduct within the scope of their employment even if the employees were never joined as defendants—indeed, the Town could be held liable even if the employees were never identified. *See Tardif,* 344 F. Supp. 3d at 592; *see also Alli v. Steward-Bowden*, No. 11 CIV. 4952 (PKC) (KNF), 2013 WL 5229995, at *2 (S.D.N.Y. Sept. 17, 2013).

Nevertheless, the Town's assertions that Plaintiff will be unable to properly serve representatives of the individual Town officers is also incorrect. In cases like this one, concerning a decades-old wrongful conviction, it is relatively common that defendants may have died long before the claims accrued, and that either an estate was never created or it has long since closed. New York, like many other states, provides a process for individuals with a legal claim to have an administrator appointed when a pre-deceased defendant does not have an open estate, but the process takes time and could not be initiated until after Plaintiff filed his complaint (as that establishes his interest in opening the estate). Thus, while Plaintiff has been diligently pursuing the steps necessary to identify the appropriate estate representatives, including seeking certified death certificates which must be filed with any petition, Plaintiff may well need additional time to do so. *See, e.g., Fernandez v. City of New York, et al.*, 20-cv-10498 (ALC) (RWL), D.E. 33, 41, 48 (granting plaintiff several extensions of time to serve the estate of a deceased defendant while the County Surrogate Court appointed an administrator).

When the appropriate administrators are appointed, Plaintiff will seek leave to file an amended complaint to name the proper parties. Particularly given the liberal standard for amendment under Rule 15, Plaintiff's diligence in working to create the estates, and that there are nearly two years before the statute of limitations on Plaintiff's § 1983 claims will run, Plaintiff respectfully submits such amendment should be permitted, as it has been in other like cases.[1]

In sum, the Town's proposed motion to dismiss has no merit.

---

[1] The case the Town cites, *Jackson v. Nassau Cnty.*, 552 F. Supp. 3d 350, 369 (E.D.N.Y. 2021), addresses only whether substitution under Rule 25 is the proper vehicle for adding an estate representative for a pre-deceased defendant, *not* whether the representative may be sued at all.

Respectfully submitted,

/S/<u>Elsa Mota</u>
Christina Matthias
Emma Freudenberger
Anna Benvenutti Hoffmann
Elsa Mota
NEUFELD SCHECK BRUSTIN
HOFFMANN &
FREUDENBERGER, LLP
200 Varick Street, Suite 800
New York, New York 10014
(212) 965-9081
elsa@nsbhf.com

*Counsel for Plaintiff Leonard Mack*

cc: All counsel of record via ECF

4